## BROXSON v. PIONEER LIFE & CASUALTY CO.
### No. 6882.

Circuit Court, Santa Rosa County.

February 22, 1961.

Curtis A. Golden, Milton, for plaintiff.

A. L. Johnson, Milton, for defendant.

WOODROW M. MELVIN, Circuit Judge.

The plaintiff, Annie R. Broxson, instituted her suit against defendant, Pioneer Life & Casualty Co. The plaintiff and defendant have each moved for summary judgment.

There is no issue of fact. It is admitted that the policy in question, no. 83859, was issued on the life of Bart Dell Broxson, age 54 years, on March 20, 1957, in the sum of $4,500, payable to his wife, Annie R. Broxson, upon due proof of death of the insured.

Attached to and made a part of the policy was a supplemental eleven year convertible term agreement, of date March 20, 1957, by the terms of which the defendant, for valuable consideration, agreed to pay the beneficiary the additional sum of $4,875 — "if the death of the insured shall occur prior to the termination date [March 20, 1968] and while this agreement is in force." The supplemental agreement provides that it will terminate — "(3) when any premium on this agreement or on the policy to which it is attached is not paid when due or within the grace period."

Upon due proof that Bart Dell Broxson died December 24, 1959, the defendant company paid the beneficiary the sums due on the policy in the sum of $4,500, but refused to pay the sum of $4,875 by her claimed to be due under the supplemental eleven year convertible term agreement.

The defendant contends that the supplemental agreement was not in force at the time of the death of the insured.

It is agreed by the parties that, although the policy when issued provided for the payment of a monthly premium of $27, as the total premium due monthly, for the policy and supplemental contract thereto attached, the defendant company entered into — "an arrangement with the insured for a concession on the premium that if twelve post-dated checks were deposited with the insurer, the monthly premium would be $25". In accord therewith the insured deposited with the defendant his post-dated checks, among which were checks for said amount of date September 20, 1959, October 20, 1959, November 20, 1959 and December 20, 1959, all drawn on the First National Bank in Milton, Florida.

It is agreed that the September 20, 1959 check was dishonored by the bank by reason of insufficient funds. By letter of date

October 6, 1959, the insured was advised as to non-payment of such check, and that the check would be again deposited. (See def. ex. 5). In due course the September 20, 1959 check was again deposited and payment refused by the bank for like reason. On October 21, 1959, the defendant advised the insured of such fact and, that the record was being corrected to show non-payment of the September 20, 1959 premium, and advised insured that after expiration of the grace period, the policy would become lapsed. (See def. ex. 4).

It is admitted, however, that the defendant deposited insured's check of October 20, 1959, and that the same was paid by the bank on presentation. It further is made to appear that the defendant declined to deposit insured's November 20 and December 20, 1959, checks because of the non-payment of the September 20, 1959 check. (See plaintiff's ex. B — letter from defendant's secretary-treasurer). The defendant answered request for admission of facts, and stated that it applied the October 20, 1959 check as payment for the September 20, 1959 premium.

This record reveals that the September 20, 1959 premium was paid by the application of the October 20, 1959 check. When the October 20, 1959 premium became due, the 31-day grace period continued the policy and supplemental contract in full force through November 20, 1959. On that date the defendant had in its possession insured's checks — pursuant to its own arrangement with insured — in a sum sufficient to continue the policy and supplemental agreement in force.

In 45 C.J.S. Insurance, §473 (5), p. 194, the rule is stated — "Where a policy, or a statute considered as part of the policy, provides for a period of grace during which the contract shall remain in force after a premium shall become due, the policy does not lapse if payment is made within such period".

Had the defendant deposited insured's November 20, 1959 check, the October 20, 1959 premium would have been paid. Had the defendant deposited insured's December 20, 1959 check, the November 20, 1959 premium would have been paid. The next premium due would have been December 20, 1959, and if not paid, the 31-day grace period would have extended all policy benefits several days beyond the date of the death of Bart Dell Broxson.

Having adopted the program of use of post-dated checks for premium payments as being of convenience to both the insured and the insurer, and having given the insured as an inducement thereto a reduction in premium, did there flow from such

arrangement an obligation to use such checks as premium payment during the life of such contracts?

It is the opinion of the court that the law imposed such an obligation upon the defendant. The court is also of the opinion that the defendant recognized such obligation when it deposited insured's October 20, 1959 check in payment for the September 20, 1959 premium, and thereafter the company owed to the insured the duty of giving notice of its purpose to withdraw from its check arrangement. This it did not do. The defendant may not now be heard to assert that forfeiture of the insurance contract has thus occurred.

Let a summary judgment be entered for plaintiff in the sum of $4,875, less $50 allowable credit to defendant for insured's checks for November and December, 1959, and for a reasonable attorney's fee to be determined by the court upon evidence to be submitted.